166 So. 434

### LINDSEY v. STATE.

### 7 Div. 170.

### Court of Appeals of Alabama.

### Feb. 25, 1936.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

On the trial of this case in the court below, this appellant was convicted by the jury under the second count in the indictment. Said count charged him with the offense that he manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or some device or substitute therefor to be used for the purpose of manufacturing prohibited liquors or beverages. The court adjudged the defendant guilty in accordance with the verdict of the jury and sentenced him to serve an indeterminate term of imprisonment in the penitentiary for not less than one year, nor more than five years. From the judgment of conviction this appeal was taken.

It appears from the record that upon the trial in the court below the defendant was unattended by counsel and conducted his own defense.

The affirmative charge was requested and the court refused to give said charge. This raises the question of the sufficiency of the evidence to sustain the judgment of conviction. No other question is presented for our consideration.

We have carefully read and considered all the evidence adduced upon the trial of this case in the court below. That for the state tended to make out the state's case as charged in the second count of the indictment. The defendant admitted his presence at the still, and in this connection testified he went down there with a three-gallon jug in order to buy some whisky; that he did not help in the work at the still by building a fire thereunder and by "dobbing" the condenser on the still, and by bringing wood to the still, as testified to by the several state witnesses. This dispute and conflict made a jury question and rendered the affirmative charge inapt. The trial court properly held it was without authority to give the charge.

The record is regular, and no error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.